# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENDELL CHARLES JONES, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-09-299-R |
| | ) |
| MICHAEL K. ADDISON, WARDEN, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, Kendell Charles Jones, appearing *pro se*, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction on various federal constitutional grounds. It is recommended that his petition be denied.

## I. Factual Background and Procedural History

During the summer of 2005, Petitioner lived in the same apartment complex as Tiffany Barlow and Jennifer "Hope" Hugart. Ms. Barlow and Ms. Hugart shared an apartment. Both women are deaf.

Petitioner helped Ms. Barlow and Ms. Hugart move a desk into their apartment sometime during the early summer. A few weeks later, in the early morning hours of July 20, 2005, Petitioner and his girlfriend, Kristin Smith, unlawfully entered the apartment of Ms. Barlow and Ms. Hugart and stole money and food.

Kristin Smith testified that in the course of the burglary, Petitioner went into the back of the apartment near the victims' bedroom. Ms. Barlow and Ms. Hugart were in the bedroom sleeping in the same bed. Ms. Barlow testified that she awoke upon feeling

pressure in her anal area. Ms. Barlow testified she felt something "going into" her rectum and that her underwear had been lowered a bit. Ms. Barlow saw a man in dark clothing lying on his stomach, on the floor to the left side of her bed. He was trying to be still, as if frozen.

Ms. Barlow tried to wake Ms. Hugart and sign to her without being noticed by Petitioner. Petitioner ran from the apartment and Ms. Hugart unsuccessfully chased after him. Police later arrived and Ms. Barlow was taken to the hospital and examined by a SANE[1] nurse.

During the crime scene investigation, police recovered fingerprints from the wrapper of a potato chip can found inside the victims' apartment. The evidence at trial established the victims had purchased the potato chips and other groceries earlier the same day.

Police later utilized an automated fingerprint identification system (AFIS) – a database of known fingerprints – and matched Petitioner's known fingerprints to the fingerprints recovered from the potato chip can wrapper found inside the victims' apartment. Petitioner was arrested and during a police interview, Petitioner confessed to having burglarized the apartment. He did not confess to having committed any other crimes.

Petitioner was convicted, after jury trial, of Second Degree Rape by Instrumentation (Count I); First Degree Burglary (Count II); and Second Degree Burglary (Count III),[2] After Former Conviction of Two or More Felonies, Case No. CF-2005-4503, District Court of

---

[1] Sexual Assault Nurse Examiner

[2] The evidence at trial established that Petitioner also burglarized a car belonging to one of the victims.

Oklahoma County, State of Oklahoma. Petitioner was sentenced to sixty years imprisonment (Count I), thirty years imprisonment (Count II), and ten years imprisonment (Count I), all sentences ordered to run consecutively.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) raising the following claims: (1) he was denied a fair trial due to the introduction of evidence of other crimes, wrongs or bad acts; (2) the trial court erred when it allowed the State to amend the Information after Petitioner had entered his plea of not guilty and immediately before closing arguments; and (3) the aggregate 100-year sentence Petitioner received is excessive, disproportionate and violative of the Eighth Amendment. The OCCA denied all three grounds and affirmed Petitioner's conviction and sentence. *See* Response [Doc. # 11], Exhibit 3, OCCA Summary Opinion.

Petitioner then sought post-conviction relief raising the following claims: (1) ineffective assistance of trial and appellate counsel for failing to challenge the sufficiency of the evidence as to the charge of second degree rape by instrumentation; (2) ineffective assistance of trial counsel for failing to request a lesser included offense instruction of sexual battery and ineffective assistance of appellate counsel for failing to raise this claim on direct appeal; and (3) ineffective assistance of appellate counsel for not challenging the OCCA's "shocks the conscience standard" on claims challenging a sentence as excessive. The district court denied Petitioner's application for post-conviction relief, and the OCCA affirmed the district court's denial. *See* Response, Exhibit 5, OCCA Order Affirming Denial of Application for Post-Conviction Relief. The OCCA found all issues other than Petitioner's

3

claim of ineffective assistance of appellate counsel procedurally barred. The OCCA found Petitioner's ineffective assistance of appellate counsel claim to be without merit. *Id.*

## II. Petitioner's Grounds for Federal Habeas Relief

Petitioner brings the following grounds for federal habeas relief: (1) Petitioner was denied the right to a fair trial due to the introduction of evidence of other crimes, wrongs or bad acts; (2) Petitioner was denied the right to a fair trial based on the trial court allowing the State to amend the Information after Petitioner pled not guilty and immediately before closing arguments; (3) Petitioner's sentence is excessive, disproportionate and violates the Eighth Amendment; and (4) Petitioner received ineffective assistance of trial counsel based on counsel's failure to request a lesser included offense instruction on sexual battery and appellate counsel was ineffective for failing to raise this claim on direct appeal. As set forth above, Petitioner raised the claim brought in Ground Four of the Petition in post-conviction proceedings. He raised all remaining claims on direct appeal.

## III. Standard of Review

The standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to the grounds for relief raised by Petitioner and adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004); *Smallwood v. Gibson*, 191 F.3d 1257, 1264 (10th Cir. 1999). Under AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In applying the deferential AEDPA standard, the court first determines whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment. *Turrentine*, 390 F.3d at 1189. If so, the court considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *Id*. A decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different" and "mutually opposed" to the Supreme Court decision itself. *Id*. at 406. A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

In conducting this inquiry, the factual findings of the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *See Short v. Sirmons*, 472 F.3d 1177, 1184 (10th Cir. 2006) (*citing* 28 U.S.C. § 2254(e)(1)).

## IV. Analysis

### A. Ground One – Evidence of Other Crimes, Wrongs or Bad Acts

In his first ground for relief, Petitioner claims the admission of the video[3] of his police interview conducted after his arrest rendered his trial fundamentally unfair because the video included a segment in which Petitioner can be seen trying to unlock his handcuffs, purportedly in an attempt to escape from custody.

State court evidentiary rulings are based on questions of state law and "may not provide habeas corpus relief . . . unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotations omitted); *see also Smallwood v. Gibson*, *supra*, 191 F.3d at 1277 (applying the same standard to review a state court's decision to admit evidence of prior bad acts). Thus, to the extent Petitioner's claim in Ground One relies solely on state law, he fails to state a cognizable claim for habeas relief. Moreover, as set forth below, the admission of the challenged other crimes evidence did not render Petitioner's trial fundamentally unfair.

Under Oklahoma law, Petitioner's post-offense conduct is not considered "other crimes evidence" but instead evidence of an admission by conduct relevant to show consciousness of guilt. *See, e.g., Dodd v. State*, 100 P.3d 1017, 1031 (Okla. Crim. App. 2004) ("Evidence that the defendant attempted to escape confinement, conceal himself, alter

---

[3]*See* Record [Doc. #14], Video Cassette, D. Jones Kendell, Case No. CF-05-4503.

his appearance to avoid detection, or otherwise tried to evade judicial proceedings may also be relevant to show consciousness of guilt."). Such evidence is admissible, therefore, to "establish [a defendant's] identity as the perpetrator of the original offense." *Id.* Applying state law, the OCCA determined that "the evidence that [Petitioner] attempted to escape from his handcuffs, while in police custody and after having given a statement to police . . . was properly admissible as relevant to show [Petitioner's] consciousness of guilt." *See* OCCA Summary Opinion at 2.

Despite the characterization of such evidence by the OCCA under state law, the Tenth Circuit views this type of evidence as "other crimes evidence," but has found the admission of this type of evidence proper to establish, *inter alia*, motive. *See Hale v. Gibson*, 227 F.3d 1298, 1321 (10th Cir. 2000). As noted, Petitioner is entitled to habeas relief, only if the admission of this evidence denied him a fundamentally fair trial. Petitioner has not made that showing. The OCCA explained the evidence was relevant to demonstrate Petitioner was aware of having committed the crimes with which he was charged. The evidence of Petitioner's guilt was considerable. He confessed to burglarizing the victims' apartment, his fingerprints were found inside the apartment, his girlfriend testified that Petitioner burglarized the apartment and Ms. Barlow gave credible testimony about the rape crime. The introduction of the other crimes evidence did not determine the outcome of the jury's finding of guilt in light of the strength of the other evidence offered. Petitioner has not shown that the OCCA's determination of this issue was an unreasonable application of clearly established federal law. Ground One of the Petition should be denied.

B. **Ground Two – Amendment of the Information**

During the trial, the State requested to amend the Information to conform to the evidence. The State requested to eliminate the language of use of force or fear in the rape charge and to substitute language that the victim was unconscious of the nature of the act and that fact was known to Petitioner. Tr. Vol. II at 6-7. The trial court granted the State's request. *Id*.

Petitioner claims he was prejudiced because he was denied adequate notice of the charge and was "unable to explore through cross examination any weakness in the State's case with respect to a required element of proof." *See* Petition at electronic page 11 (emphasis omitted).

The OCCA rejected this claim on direct appeal finding the amendment conformed to the evidence presented at the preliminary hearing and at trial, and that the amendment did not affect Petitioner's trial strategy of mistaken identity and innocence. *See* OCCA Summary Opinion at 2.

The record shows Petitioner's defense at trial was, as the OCCA found, mistaken identity. Petitioner maintained his innocence at all times. Petitioner denied all acts associated with both the rape of Ms. Barlow as well as the burglary of the victims' apartment. *See* Tr. Vol. II at 41-42, 75.[4] Accordingly, Petitioner has not shown how the amendment of

---

[4]Defense counsel's strategy throughout the trial was to completely deny Petitioner's participation in any criminal act rather than to negate specific elements of the crimes charged. In addition to maintaining Petitioner's innocence, defense counsel attempted to introduce evidence that a third-party was responsible for the crimes.

8

the Information prejudiced him. His defense – a complete denial of any acts of rape -- was not affected by the amendment of the Information. Because the amendment of the Information did not render Petitioner's trial fundamentally unfair, Petitioner is not entitled to habeas relief. The OCCA's determination of this issue is not contrary to or an unreasonable application of clearly established federal law, and Ground Two of the Petition should be denied.

## C. Ground Three – Excessive Sentence

Petitioner was sentenced to an aggregate term of 100 years imprisonment. He claims the sentence is unconstitutionally excessive. The OCCA rejected this claim on direct appeal finding as follows:

> In Proposition III, we find Appellant's sentence is not excessive, does not shock the conscience of the Court and does not warrant modification. The sentence was appropriate considering all the facts and circumstances of the case. . . . Further, modification is not warranted based upon the sentences received in other cases. This Court does not compare sentences between cases and does not engage in a proportionality analysis.

*See* OCCA Summary Opinion at 3-4.[5]

Petitioner does not dispute that his sentence is within the range of punishment provided by Oklahoma law. Nonetheless, he alleges in his petition, as he did on direct appeal, that his sentence is excessive and amounts to cruel and unusual punishment in violation of the Eighth Amendment.

---

[5]Two Judges dissented, finding the sentences grossly disproportionate to the offenses and to other sentences imposed against others for similar crimes. *See* OCCA Summary Opinion at 5, Chapel, J. and A. Johnson, J., dissenting in part.

9

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (citation and internal quotations omitted). The proportionality principle, however, "reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003). *See also United States v. Gillespie*, 452 F.3d 1183, 1190-1191 (10th Cir. 2006) (summarizing Supreme Court precedent on the proportionality principle and noting that "the [Supreme] Court has only twice invalidated a sentence under the Eighth Amendment: once in 1910, when the defendant was sentenced to fifteen years in chains and hard labor for falsifying a public document; and most recently in 1983, when the defendant was sentenced to life without parole after committing six nonviolent felonies including writing a bad $100-dollar check") (citations omitted). As the Tenth Circuit has instructed, courts "are reluctant to interfere with the legislative determination of an appropriate sentence range." *Hawkins v. Hargett*, 200 F.3d 1279, 1285 (10th Cir. 1999). Application of the narrow proportionality principle has, therefore, been reserved to the truly extraordinary case involving a sentence grossly disproportionate to the crime of conviction. *Id.*, 200 F.3d at 1282. *See also United States v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006); *United States v. Gurule*, 461 F.3d 1238, 1247 (10th Cir. 2006).

In light of the state legislature's role in setting sentencing ranges and Supreme Court precedent on the disproportionality principle and the fact that Petitioner's sentence is within the statutory range of punishment permitted under Oklahoma law, this Court concludes that Petitioner's sentence is not grossly disproportionate to his crimes and does not violate the

Eighth Amendment's guarantee against cruel and unusual punishment. C*ompare Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (holding that a sentence of life without parole is not disproportionate to a first-time offender's conviction of possession of cocaine). Petitioner fails to present the extraordinary case needed to establish a violation of his Eighth Amendment rights.

Petitioner also claims the harsh sentence resulted from prosecutorial misconduct when, during closing argument, the prosecutor appealed to the sympathies of the jury by referencing the fact that the victims were deaf. *See* Tr. Vol. II at 84-85.

When a habeas petitioner challenges alleged improper statement by the prosecutor that do not directly affect a specific constitutional right, the petitioner must establish that the prosecutor's statement so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974). To make such a determination, the court must examine the entire proceedings and consider the strength of the state's case. *Jones v. Gibson*, 206 F.3d 946, 959 (10th Cir. 2000); *Coleman v. Brown*, 802 F.2d 1227, 1237 (10th Cir. 1986). The fact that the prosecutor's remarks "were undesirable or even universally condemned" is not enough to establish a due process violation. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

The OCCA rejected Petitioner's challenge to his sentence on grounds it may have resulted from prosecutorial misconduct. The OCCA found: "The sentence was not improperly influenced by prosecutorial misconduct as any error in the sole comment

challenged by Appellant was not such as to deny Appellant a fair trial and sentencing." *See* OCCA Summary Opinion at 3 (citations omitted).

The challenged remarks were based on evidence – the fact that the victims were deaf – and not merely appeals for sympathy. Therefore, the remarks appear to be within the range of argument permitted on closing argument. *Compare Britt v. Embry*, 302 Fed. Appx. 774, 781 (10th Cir. 2008) (unpublished op.) (prosecutor's remarks about the victim's age were permissible as such remarks were based on the evidence). Even if the prosecutor did, however, impermissibly appeal to the sympathies of the jury, as discussed above, evidence of Petitioner's guilt was substantial. Considering this evidence and the trial record as a whole, Petitioner has failed to demonstrate the challenged remarks by the prosecutor rise to the level necessary to establish a constitutional violation. The OCCA's determination of this issue is not contrary to or an unreasonable application of clearly established federal law. Accordingly, Ground Three of the Petition should be denied.

### D. Ground Four – Ineffective Assistance of Counsel

Petitioner next claims that trial counsel was ineffective because he did not request a lesser included offense instruction on sexual battery.⁶ Petitioner raised this claim for the first

---

⁶Under Oklahoma law, sexual battery requires proof of the following elements:

First, intentionally;
Second, touched/felt/mauled;
Third, the body/(private parts);
Fourth, of any person sixteen years of age or older;
Fifth, without his/her consent;
Sixth, in a lewd and lascivious manner.

(continued...)

12

time in post-conviction proceedings and the OCCA denied the claim finding it to be procedurally barred. *See* Response, Exhibit 5, OCCA Order Affirming Denial of Post-Conviction Relief at 2.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Pursuant to Okla. Stat. tit. 22, § 1086, claims not raised on direct appeal are procedurally barred.[7] The Tenth Circuit has held that § 1086 is an independent and adequate state procedural bar to ineffective assistance of trial counsel claims provided: (1) trial and appellate counsel differ; and (2) the ineffectiveness claim can be resolved upon the trial

---

[6](...continued)
Oklahoma Uniform Jury Instructions-Criminal ("OUJI-CR")(2d ed.), Instruction No. 4-130, Sexual Battery – Elements.

[7]Section 1086 provides:

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

Okla. Stat. tit. 22, § 1086.

13

record alone. *See English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998). Here, the record shows that Petitioner was represented by different trial and appellate counsel. Moreover, the claim can be resolved on the trial record alone. It appears, therefore, that Petitioner's ineffective assistance of trial counsel claim is procedurally barred.

Nonetheless, Petitioner claims appellate counsel was ineffective for failing to raise this ineffective assistance of trial counsel claim on direct appeal. An evaluation of an ineffective assistance of appellate counsel claim based upon the omission of an issue requires consideration of the merits of the omitted issue. *Hain v. Gibson*, 287 F.3d 1224, 1231 (10th Cir. 2002); *see also Hammons v. Ward*, 466 F.3d 919, 925-926 (10th Cir. 2006). The Court, therefore, must review the merits of the ineffective assistance of trial counsel claim.[8]

On habeas review claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, the Court must determine whether counsel's performance was constitutionally deficient, and whether the deficient performance prejudiced the defense, depriving Petitioner of a fair proceeding with a reliable result. *Strickland*, 466 U.S. at 687; s*ee also Snow v. Sirmons*, 474 F.3d 693, 719 (10th Cir. 2007). Under the deficient performance prong, Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" in that it was outside "the range of competence demanded of attorneys in criminal cases." *Strickland*, 466

---

[8]There is no federal constitutional right to a lesser included offense instruction in non-capital cases. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Therefore, the Court reviews only whether the failure to request an instruction violated Petitioner's Sixth Amendment right to the effective assistance of counsel.

14

U.S. at 687-88. Under the prejudice prong, Petitioner must show that "but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Id*. 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002).

"[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Counsel's performance is evaluated from the attorney's perspective at the time the assistance is rendered and considered in light of all the circumstances prevailing at the time. *Id*. at 689. There is a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id*.

### 1. Trial Counsel's Failure to Request Lesser Included Offense Instruction on Sexual Battery

The OCCA applies an "evidence test" to determine whether a lesser included offense instruction is proper. *See Brown v. Sirmons*, 515 F.3d at 1072, 1088 (10th Cir. 2008) (*citing Shrum v. State*, 991 P.2d 1032, 1035 (Okla. Crim. App. 1999)). To be entitled to a lesser included offense, "'*prima facie* evidence of the lesser included offense" must have been presented.'" *Brown*, 515 F.3d at 1088 (*quoting Ball v. State*, 173 P.3d 81, ¶ 32 (Okla. Crim. App. 2007)). "Under the 'evidence test,' the court considers 'whether the evidence might allow the jury to acquit the defendant of the greater offense and convict him of the lesser.'" *Brown*, 515 F.3d at 1088 (*quoting Jackson v. State*, 146 P.3d 1149, 1159 (Okla. Crim.

15

App.2006)). *See also Frederick v. State*, 37 P.3d 908, 945 (Okla. Crim. App.2001) (*quoting Beck v. Alabama*, 447 U.S. 625, 635 (1980) ("In the federal courts, it has long been beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.")) (internal quotation marks omitted)).

At trial, Tiffany Barlow testified that she was awakened from sleep because she "felt pressure in [her] butt area." Tr. Vol. I at 96. She felt something going inside her rectum very slowly. *Id*. She felt pain in the form of a burning sensation and felt "stretched inside, very uncomfortable." Tr. Vol. I at 97. She further testified that she was confident something did actually go inside her rectum and that she felt the cheeks of her buttocks spread apart while she felt something go inside her rectum. Tr. Vol. I at 97, 98. Immediately afterwards, Ms. Barlow managed to sign to her roommate, Hope, that she had been molested, that the guy "was inside me." Tr. Vol. I at 100.

Following the incident, Ms. Barlow was taken to the hospital where she was interviewed and examined by a SANE nurse, Ms. Terry Gillispie. Through the interpreter, Ms. Barlow described what happened to her as follows:

> My girlfriend and I went to bed. We were really exhausted, in a deep sleep, and then before I knew it, I was just – I just felt – it seemed like he was trying to not wake me up, he was trying to open my anus, apparently with his hands. I felt him spreading me open. The blanket was off me and my underwear were just a little bit down. I just felt a little bit of pressure. I woke up and he stopped and he laid down on the floor right next to where I was sleeping, on the left side of the bed. It was like he was frozen. I was frozen too. I felt like

16

> this can't be happening. . . . My anus was hurting and burning. I tried not to think about it. I just wanted to make sure he was gone.

Tr. Vol. I at 194-195.

Petitioner would have been entitled to a lesser offense instruction only if the jury completely disregarded Ms. Barlow's testimony that she felt something penetrate her anus. Petitioner points to no evidence undermining the credibility of Ms. Barlow.[9] Based on the record presented, no rational jury could have acquitted Petitioner of the greater offense of rape by penetration. Accordingly, Petitioner was not entitled to a lesser offense instruction.

### 2. Appellate Counsel's Failure to Raise Ineffective Assistance of Trial Counsel Claim on Direct Appeal

Petitioner has failed to demonstrate any prejudice resulting from trial counsel's failure to request an instruction on sexual battery as a lesser offense. Therefore, appellate counsel did not render ineffective assistance by failing to raise this claim on direct appeal. Petitioner, therefore, has not demonstrated cause sufficient to overcome the procedural bar of his ineffective assistance of trial counsel claim. Moreover, the OCCA's determination that Petitioner's ineffective assistance of appellate counsel claim lacked merit is not contrary to or an unreasonable application of *Strickland*. For all these reasons, the claims raised in Ground Four of the Petition should be denied.

---

[9]Conversely, Petitioner's credibility was significantly undermined. Petitioner had prior felony convictions for crimes involving dishonesty (Tr. Vol. II at 62); he purported to not know either of the victims was deaf even though he had spent time around them helping to move a desk into their apartment (Tr. Vol. II at 50-52); he testified police were lying about the identification of his fingerprints on the potato-chip wrapper found in the victims' apartment (Tr. Vol. II at 61); and he claimed the police fabricated the video tape of his interview during which he confessed to the burglary of the apartment. (Tr. Vol. II at 65).

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections, and a party may respond to another party's objections within 14 days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2). Any objections and responses must be filed with the Clerk of the District Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this  8th  day of December, 2009.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE